## CIRCUIT COURT OF FREDERICK COUNTY

Ritter

v.

Gray et al.

June 26, 1992

Case No. (Law) 91-208

BY JUDGE JAMES L. BERRY

The Court has carefully considered the arguments of counsel had on June 24, 1992, and those contained in the memoranda of counsel filed herein in connection with defendant's Motion to Set Aside Jury Verdict.

As to ground A concerning defendant's motion *in limine,* defendant's argument is essentially the same as that advanced at the trial of this case. Having again maturely considered the points raised, although the doctor's note clearly could, and should, have been provided to counsel before defendants' doctor's *de bene esse* deposition, the Court finds no sufficient reason to depart from its ruling at trial and therefore denies ground A of the Motion to Set Aside Jury Verdict filed June 17, 1992.

As to ground B of the Motion to Set Aside Jury Verdict, the award of $175,000 does shock the conscience of the Court and compels the conclusion that the verdict was the product of passion or prejudice or some misunderstanding of the facts or the law.

After her accident, the plaintiff first went to see Dr. White who treated her for just over a year at which time he found nothing further wrong with the knee even though she still complained of symptoms. In January, 1992, plaintiff went to see Dr. Daugherty who undertook her care and performed an arthroscopic examination. Both doctors had MRIs done. Plaintiff introduced into evidence forty-four separate exhibits comprising her medical bills totaling $7,723.50 claimed to be a result of this accident. Mrs. Ritter was never hospitalized, she spent one day at the Surgi-center in connection with her arthroscopy, she suffered no economic damages beyond her medical bills mentioned, and, while evidence was offered through Dr. Daugh-

erty as to plaintiff's permanent partial disability, he was unable to say what will be needed in the future. No evidence of plaintiff's life expectancy was offered. The jury was out fifty-three minutes.

In the opinion of the Court, the award is so out of proportion to the injury suffered as to suggest that it was not the product of a reasoned, fair, and impartial consideration of the law and the evidence.

Mindful that the Court is admonished not arbitrarily to substitute its judgment for that of the jury, I have determined a remittitur of $100,000, leaving an award of $75,000, a figure that would surprise the Court, but not shock the conscience of the Court.

I will place the plaintiff on terms to accept the remittitur or retry the issue of damages.